# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 16, 2014

## STATE OF TENNESSEE v. KEYONNA NICOLE WOOTEN

**Direct Appeal from the Circuit Court for Lincoln County**
**No. 2013-CR-133     Forest A. Durard, Jr., Judge**

**No. M2014-00253-CCA-R3-CD - Filed August 8, 2014**

The appellant, Keyonna Nicole Wooten, pled guilty in the Lincoln County Circuit Court to one count of selling one-half gram or more of a Schedule II controlled substance and one count of delivering one-half gram or more of a Schedule II controlled substance. After a sentencing hearing, the trial court merged the latter conviction into the former and sentenced the appellant as a Range I, standard offender to nine years, six months in confinement. On appeal, the appellant contends that her sentence is excessive and that the trial court erred by denying her request for alternative sentencing. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

William J. Harold, Lewisburg, Tennessee, for the appellant, Keyonna Nicole Wooten.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Robert James Carter, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On October 21, 2013, the appellant pled guilty to count one, selling one-half gram or more of cocaine, and count 2, delivering one-half gram or more of cocaine, Class B felonies. At the appellant's guilty plea hearing, the State gave the following factual account of the crimes:

On May 29, 2013, deputies who function as drug investigators for the Lincoln County Sheriff's Department were working on making undercover buys here in Lincoln County utilizing a confidential informant using the standard procedure to make certain that everything is conducted in a proper manner. The searches, the confidential funds with the numbers written down ahead of time, all of those types of procedures, and with this being done under surveillance by audio recording.

A buy was conducted on that date. Crack cocaine was purchased from Ms. Wooten here in Lincoln County by the confidential informant. The suspected crack cocaine was in turn sent to the TBI crime laboratory where it was analyzed and confirmed to be cocaine, a Schedule II controlled substance, in the amount of 13.84 grams.

Pursuant to the plea agreement, the trial court was to sentence the appellant after a sentencing hearing.

At the sentencing hearing, no witnesses testified, but the State introduced the appellant's presentence report into evidence. According to the report, the then twenty-seven-year-old appellant was single with two children and expecting her third child. In the report, the appellant stated that she was removed from her parents's care when she was nine years old and grew up in group homes, foster care, and mental health homes. She also stated that she had suffered from depression since she was fifteen and was hospitalized one time for treatment. The appellant described her mental health as fair and her physical health as good and denied using alcohol or drugs. The report shows that the appellant dropped out of high school after the ninth grade and that she worked for Blimpie's from June 19 to July 15, 2013, and Hardee's from January 1 to September 1, 2010. The State introduced into evidence certified copies of judgments of conviction for failure to appear in 2013, failure to appear in 2008, disorderly conduct, misdemeanor theft in 2009, misdemeanor theft in 2005, misdemeanor vandalism, and failure to yield the right of way. The State also introduced into evidence documentation showing that the appellant had violated probation sentences several times and advised the trial court that the appellant "has made only five of the 18 payments that are owed to the court to date."

The trial court noted that the range of punishment for a Range I, standard offender convicted of a Class B felony was eight to twelve years. See Tenn. Code Ann. § 40-35-112(a)(2). The trial court stated that appellant had "a slew" of prior misdemeanor convictions and applied enhancement factor (1), that "[t]he defendant has a previous history

of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1). The trial court also applied enhancement factors (8), that "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community," and (13), that at the time the felony was committed, the defendant was on probation for failure to appear. Tenn. Code Ann. § 40-35-114(8), (13)(C). The trial court applied no mitigating factors.

The trial court stated that it had considered the appellant's presentence report, the facts and circumstances of the case, the appellant's prior criminal history, her potential for rehabilitation, whether she would abide by the terms of probation, whether measures less restrictive than confinement had been frequently or recently applied to the appellant, and whether a sentence of full probation would depreciate the seriousness of the offense. The trial court stated that the appellant "has got all kind[s] of problems" and that she "just can't seem to make it under any supervision." The court noted that while the appellant was on probation for misdemeanor theft in 2005, she committed vandalism and that she committed misdemeanor theft in 2009 "right on the heels" of her disposition for failure to appear in 2008. The trial court stated that the appellant "doesn't have any respect for the terms and conditions of probation" and found her to have poor potential for rehabilitation. The trial court merged count 2 into count 1 and sentenced the appellant to nine and one-half years in confinement.

## II. Analysis

The appellant contends that the trial court gave too much weight to enhancement factor (1) because all of her prior convictions were misdemeanors and that the trial court erred by denying her request for alternative sentencing. The State argues that the trial court properly sentenced the appellant. We agree with the State.

"[S]entences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). Our supreme court has explicitly stated that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the

parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. "[A]ppellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence." Id. at 345-46. "[They are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's sentence meets this

requirement. Additionally, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). The appellant, convicted of Class B felonies, is not considered to be a favorable candidate for alternative sentencing. Moreover, the following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5).

Regarding the appellant's claim that the trial court gave too much weight to enhancement factor (1), the weighing of mitigating and enhancing factors is left to the trial court's sound discretion. Carter, 254 S.W.3d at 345. Furthermore, the 2005 amendments to the 1989 Sentencing Act "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." Id. at 344. Accordingly, the appellant is not entitled to relief on this basis.

As to the appellant's claim for alternative sentencing, the appellant has been committing crimes since she was nineteen years old. She committed some crimes while she was on probation for other crimes and violated probation several times. The trial court's statements at the sentencing hearing demonstrate that it was frustrated by the appellant's refusal to abide by the terms and conditions of prior probation sentences, and the court determined that she was not amenable to rehabilitation. We agree that the appellant's actions demonstrate poor rehabilitative potential. Accordingly, we conclude that the trial court did not abuse its discretion by denying alternative sentencing.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE